# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DARRELL L. HEPNER, and | ) | NO: 15-80072 |
| MARY L. HEPNER, | ) | CHAPTER 13 |
| | ) | |
| Debtors | ) | |

## FIRST AMENDED
## CHAPTER 13 PLAN

1. Introduction: Jurisdiction

    1. The debtors' future earnings are submitted to the supervision and control of the Court.

    2. The Court shall retain jurisdiction of the debtors, their estate and their creditors until the plan is completed, or until the case is dismissed or converted to one for liquidation under Chapter 7.

    3. The masculine includes the feminine and the singular includes the plural as required by the test of the plan.

2. Payment by Debtors to Trustee

    1. The debtors shall make the following payments to the trustee: **$1950.00 monthly for 60 months.**

3. Amount of Trustee's Payments to Creditors

    1. From the payments received by him, the trustee shall make payments to creditors in the amounts or percentages set forth in this section, but in the order specified in Section 5.

    2. The trustee shall pay in full the claims entitled to priority pursuant to 11 U.S.C. Sec 507 that claim not entitled to priority shall be paid pro rata with other unsecured creditors including:

        **Internal Revenue Service --** One hundred percent of **Priority** 1040 taxes due ($2390.98) with the remaining non-priority portion being paid pro rata with other unsecured creditors.

    3. The trustee shall pay secured creditors whose claims are duly filed and allowed as follows:

>   **Waterfall Mortgage** – The Chapter 13 trustee shall pay the home mortgage loan in full ($77,050.46) with interest at 5.25 percent.
>
>   **CEFCU** – Vehicle loan on a 2005 Buick Rainier ($7,113.23 loan pay-off) the trustee shall pay 100 percent to the value of the security (fmv $5,598.00) plus interest at 5.25 percent with any unsecured portion being paid pro rata with other unsecured creditors.
>
>   **Wells Fargo Financial Services** – Vehicle loan on a 2004 Chevy 2500 HD ($9,808.40) the trustee shall pay 100 percent of the loan due, plus interest at 5.25 percent.
>
>   **Central Illinois Loans** – Personalty loan on a horse trailer and miscellaneous personal property, the trustee shall pay 100 percent to the value of the security (fmv $1,500.00) plus interest at 5.25 percent with any unsecured portion being paid pro rata with other general unsecured creditors.

4. The trustee shall pay the balance of the funds received by him from the debtors (less trustee's fees, court costs and attorney's fees) pro rata to the general, unsecured creditors whose claims are duly filed and allowed in full settlement of their respective claims.

5. The trustee shall pay 100% to the following special unsecured creditors whose claims are duly filed and allowed in full settlement of their respective claims: NONE.

4. <u>Order of Payments by Trustee</u>

    1. The trustee shall make payments to the creditors affected by the plan in the amounts or percentage specified in Section 3 but in the order specified in this section.

    2. First, the trustee shall pay in full any claim entitled to priority. The trustee shall pay the remaining debtors' attorney's fees at the rate provided for and approved by the bankruptcy court.

    3. Second, he shall pay 100% to the secured creditors, but only to the value of their collateral and as provided for in this plan. Such payments shall be pro-rata computed on the secured component of the claim.

    4. Third, he shall pay the applicable percentage to the general unsecured creditors. Such payments shall be pro-rata.

    5. Special unsecured creditors shall be paid pro-rata with secured creditors until balance is paid in full.

    6. <u>Payments Outside the Plan</u> NONE

6. <u>Rejection of Executory Contracts or Leases</u>

    1. The following executory contracts or leases of the debtor are rejected: NONE

7. <u>Return of Collateral As Settlement in Full</u>

    1. Debtor shall return to the following creditors the collateral described in their respective security agreements in full settlement and satisfaction of the debt, without deficiency: NONE

8. <u>Cure or Waiver of Defaults</u>

    1. Defaults on the following claims shall be cured as follows: NONE

    2. Defaults on the following claims shall be waived by the creditor: NONE

9. <u>Forbidden Charges: Release of Collateral</u>

    1. Unless specifically stated in this plan, no creditor, irrespective of class, shall be paid or shall be entitled to receive or charge either directly or indirectly, any interest, carrying charge, late charge, penalty, collection fee, attorney's fee or any other similar charge or fee.

    2. When the value of a secured creditor's collateral as set forth in paragraph 3.03 or as otherwise fixed, determined and allowed by the Court has been received by the creditor, he shall release his security interest of record, notwithstanding that an additional unsecured component of his claim may still be unpaid.

10. <u>Vesting of Property of Estate in Debtors</u>

    On confirmation of this plan, the property of the estate, including the debtors' exempt property, shall vest in the debtor.

11. <u>Other:</u> NONE

12. <u>Signature/Date</u>

                                    Darrell L. Hepner, and
                                    Mary L. Hepner
Dated: June 6, 2015          BY: <u>/s/ Christopher W. Kanthak</u>
                                    Their attorney

CHRISTOPHER W. KANTHAK
Attorney at Law
161 South Cherry Street, Ste 102
Galesburg, IL  61401
309/341-2211
kanthaklaw@aol.com